Willis A. HEDDEN

v.

The UNITED STATES.

No. 156-55.

United States Court of Claims.

July 12, 1957.

Guy Emery, Washington, D. C., for plaintiff. Ansell & Ansell, Washington, D. C., were on the brief.

John R. Franklin, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

JONES, Chief Judge.

The plaintiff, a retired regular Army officer, sues to recover increased retired pay which is due him if his active duty training as a member of the Indiana

National Guard prior to 1916 is includible in the computation of his "active service" under section 511 of the Career Compensation Act of 1949, 63 Stat. 829, as amended, 37 U.S.C.A. § 311. Both parties have moved for summary judgment.

The parties' original efforts to have this case disposed of on motion following argument before the court on December 3, 1956, resulted in the entry of an order on February 8, 1957, which denied both parties' motions for summary judgment without prejudice, and returned the case to the commissioner of this court for a determination as to whether or not during the three 10-day periods in question "the plaintiff underwent field training during summer encampment, under Federal orders and entitled to Federal pay," as alleged in plaintiff's petition. This allegation, except in so far as it states that plaintiff underwent field training during the periods in question, was denied by defendant in its answer.

On April 24, 1957, the commissioner filed a report setting forth an agreed statement of the facts which had been formulated by the parties at pretrial conference.

This report states in part:

"4. During the periods July 17 through 26, 1911; July 15 through 24, 1912; and July 20 through 30, 1913, the plaintiff underwent field training during summer encampment and was paid from Federal funds during the said periods of service with the Indiana National Guard. No Federal orders directed to the plaintiff are before the Court.

"5. During the periods in question, plaintiff participated in training with his Indiana National Guard unit, which unit during those periods was under the command of officers of the Regular Army of the United States, and it is reasonable to conclude that this Indiana National Guard unit served under Federal orders during the training periods in question."

On May 28, 1957, plaintiff again moved for summary judgment, and on June 6, 1957, defendant by motion requested that its original motion for summary judgment and brief apply as against plaintiff's new motion without need for further oral argument. On June 7, 1957, plaintiff filed his consent, and the motion was allowed by the court on June 12, 1957.

Plaintiff served in the National Guard of Indiana for varying periods of time between March 20, 1911, and September 14, 1920. In 1920, he was appointed a first lieutenant in the United States Army and served therein until March 31, 1945, when he was retired in the grade of colonel. Subsequently, he served on active duty as a retired officer recalled to active duty from August 13, 1946 through September 12, 1946.

On June 7, 1950, The Adjutant General, United States Army, notified plaintiff that his total length of service creditable for retirement pay had been computed as 28 years 5 months 12 days, which was to be counted as 28 years for retirement pay purposes under the provisions of section 511 of the Career Compensation Act of 1949, supra, which provides that 6 months or more of service are to be counted as a full year of service for the purpose of computing retired pay.[1]

While plaintiff was a member of the National Guard of Indiana he underwent field training during summer encampment on three different occasions. Each period of training lasted for 10 days, the first occurring during July 1911, the second during July 1912, and the third during July 1913. Plaintiff's

1. On August 4, 1955, the Army altered this ruling and notified plaintiff that he was entitled to be credited with the 30 days of additional active service, and therefore was entitled to a retroactive adjustment of his retired pay on the basis of 29 years of service. Later that same year the General Accounting Office overruled that finding.

length of service as now computed for retirement pay purposes does not count the three 10-day training periods as active service. If these 30 days are included, then plaintiff's total length of service as properly computed would be 28 years 6 months 12 days and he would then be entitled to credit for 29 years of service pursuant to section 511 of the Career Compensation Act of 1949, supra. In this action plaintiff sues to recover the increased retired pay to which he would be entitled if given credit for 29 years of service instead of 28.

The sole issue before the court is whether active duty training with the National Guard performed prior to 1916 constitutes "active service" within the meaning of section 511 of the Career Compensation Act of 1949, supra.

Section 511 of the Career Compensation Act of 1949, 37 U.S.C.A. § 311, in so far as pertinent to the issue here, reads as follows:

"*  *  * *Provided further*, That for the purposes of this section, the term 'active service' as used herein shall mean all service as a member or as a former member of the uniformed services, *  *  * while on the active list or on active duty or while participating in full-time training or other full-time duty provided for or authorized in the National Defense Act as amended, the Naval Reserve Act of 1938, as amended, or *in other provisions of law*, including participation in exercises or performance of the duties provided for by sections *  *  * 62–66 *  *  * of Title 32, *  *  *.*" [Italics ours.]

At the time of plaintiff's field training as a member of the National Guard, the training was authorized under the Dick Act of 1903, 32 Stat. 775, as amended, 35 Stat. 399. The Secretary of War was to have a State-organized militia inspected once a year. If found to be sufficiently armed, uniformed and equipped for active duty in the field, the Secretary was authorized to pay out so much of the State's Federal militia allotment as was necessary for the payment, subsistence and transportation of these units engaged in actual field or camp service instruction.

The field service of National Guard units pursuant to this act, plaintiff urges, is "active service" within the meaning of the phrase "or in other provisions of law" as used in section 511, supra. In addition, plaintiff relies on the decision by this court in Price v. United States, 104 F.Supp. 99, 100, 121 Ct.Cl. 664, where it was held that National Guard service performed under the Dick Act prior to 1916, was "satisfactory Federal service" in the "federally recognized" National Guard within the meaning of Title III of the Army and Air Force Vitalization and Retirement Equalization Act of 1948, 62 Stat. 1081, 1087, 10 U.S.C. § 1036 et seq.

Defendant, urging the inapplicability of the Price decision and relying on decisions by the Comptroller General, together with Alabama Great Southern R. R. Co. v. United States, 49 Ct.Cl. 522, asserts that the field training in question under the Dick Act does not constitute service in "the Army of the United States" or in any "regular or reserve component" thereof.

Having held in the Price case that the 1903 act "federally recognized" the National Guard, we here conclude that active duty training by National Guard units pursuant to that act constitutes "active service" within the meaning of section 511. Such training is certainly active service as provided "in other provisions of law" as that phrase appears in section 511. Plaintiff was paid from Federal funds; his unit was under the command of officers of the regular Army and stationed at regular Army camps. The service was authorized by the Secretary of War, and it is reasonable to conclude that the unit served under Federal orders.

While the language of the act involved in the Price case differs from that of section 511, much of what was said there with respect to the status of the National Guard subsequent to the passage

of the Dick Act is of weight here. In the computation of the amount due the plaintiff in the Price case, while credit for drill periods was not allowed, credit as active Federal service was given plaintiff for the annual encampments he had participated in with his National Guard unit.

Here, as in the Price case, if the period involved had been subsequent to the passage of the National Defense Act of 1916, there would be little doubt that plaintiff should prevail. While, as defendant points out, the National Defense Act was not enacted until after the periods of field training involved here, it is important to note that with reference to that act section 511 calls specific attention to "participation in exercises or performance of duties" provided for by sections 63 and 64 of Title 32 of the United States Code, which sections were originally part of the National Defense Act of 1916.

These two sections provide for just such type of National Guard training as that which plaintiff engaged in here. The Dick Act was the forerunner of the National Defense Act of 1916, in so far as the National Guard provisions of the later act are concerned. The provisions of the 1916 act which related to the Guard were enacted because a constitutional question had arisen with respect to just what use the Federal Government might make of the National Guard under the Dick Act. In the main, Congress evidently believed that it had provided in the 1903 act what it eventually did in 1916 for the National Guard.

Defendant in stating that recovery by plaintiff requires a showing that the service in question must have been in "the Army of the United States," or in any "regular or reserve component" thereof, urges an interpretation which the language of section 511 does not require. In the Alabama Great Southern case, supra, relied on by defendant, it was necessary in order to allow the Government land-grant deductions in the transportation of National Guard units that the units be found to be composed of "troops of the United States." We find no such exclusive requirement under section 511.

Plaintiff's motion for summary judgment is granted, and defendant's motion for summary judgment is denied. Plaintiff is entitled to recover his retired pay based on 29 years of service, and judgment will be entered to that effect. The amount due will be determined in further proceedings pursuant to Rule 38(c), 28 U.S.C.

It is so ordered.

LARAMORE, MADDEN, WHITAKER, and LITTLETON, Judges, concur.